# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 12-1459** (Mercer County 12-F-110)

**Steven Wayne Shrader, Defendant Below,
Petitioner**

**FILED**

**October 21, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Steven Wayne Shrader, by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's September 25, 2012 order denying his motion for judgment of acquittal. The State, by counsel Christopher S. Dodrill, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 15, 2012, a Mercer County Grand Jury indicted petitioner on one count of burglary, one count of grand larceny, and one count of fraud in connection with access devices. The indictment was based upon allegations that petitioner broke into his father's home, stole items from within, and had attempted to use his father's debit card without permission. A jury trial was held in September of 2012, during which testimony was provided by petitioner, the victim, and an investigating officer. Thereafter, petitioner was convicted of petit larceny, a lesser included offense of grand larceny, and fraud in connection with access devices. Petitioner was acquitted of the charge of burglary.

Petitioner moved for judgment of acquittal, but the circuit court denied the motion by order entered on September 25, 2012. By order entered on November 19, 2012, petitioner was sentenced to a term of incarceration of five years for his conviction of fraud in connection with access devices and a term of incarceration of one year for his conviction of petit larceny, said sentences to run concurrently.

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency

of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008).

Petitioner's argument that the evidence was insufficient to support his conviction is based entirely on the fact that he provided testimony contradicting that of the victim and denied his involvement in the crimes. Specifically, petitioner testified that he had permission to use the victim's debit card and that the only items he took from the home were two coats that the victim gave him. Further, petitioner testified that other individuals would visit the home and could have stolen the items in question, and that the victim had considered nailing the windows shut in order to prevent access to the home. However, the victim testified that several items were missing from the home, that he did not give any of these items to petitioner, and that petitioner did not have permission to use his debit card. According to the victim, only he and petitioner had keys to the home. Additionally, surveillance cameras from a convenience store showed petitioner attempting to use the debit card.

We have previously stated that "'[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009). Based upon this language, it is clear that the jury was free to afford more weight to the testimony of the victim and the investigating officer than petitioner. Petitioner admitted that he took two coats from the home and that he attempted to use the debit card. While petitioner argues that the coats were a gift and that he had permission to use the card, the jury was free to disagree. As such, it is clear that the State met its burden of proof and the evidence was sufficient to support petitioner's convictions for fraud in connection with access devices and petit larceny.

For the foregoing reasons, the circuit court's September 25, 2012 order denying petitioner's motion for judgment of acquittal is hereby affirmed.

Affirmed.

**ISSUED**:  October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3